UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>Plaintiff,<br><br>v.<br><br>P. SULLIVAN, et al.,<br><br>Defendants. | Case No. 19-cv-00045-SI<br><br>**ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL**<br><br>Re: Dkt. No. 2 |

James Carl Kelly, an inmate at the Salinas Valley State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Kelly has applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The action is now before the court for consideration of Kelly's *in forma pauperis* applications.

A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case

"filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Kelly has filed many cases in the federal courts does not warrant dismissal under § 1915(g). *See id.* Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id.* at 1120. *Andrews* implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Kelly's prior prisoner actions reveals that he has had at least three such cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying cases include: (1) *Kelly v. Sao*, E. D. Cal. No. 18-cv-484 DAD (dismissed for failure to state a claim); (2) *Kelly v. Elit*, E. D. Cal. No. 18-cv-019 DAD (dismissed for failure to state a claim and failure to prosecute when plaintiff did not file an amended complaint curing deficiencies identified in his complaint); and (3) *Kelly v. Gyorky*, E. D. Cal. No. 11-cv-2142 WBS (dismissed for failure to state a claim).

In light of these dismissals, and because it does not appear that he was under imminent danger of serious physical injury when he filed this action, Kelly is ORDERED TO SHOW CAUSE in writing within **thirty (30)** days of this order, why his *in forma pauperis* application should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why the actions should not be dismissed, Kelly may avoid dismissal by paying the full $400.00 filing fee by the same deadline.

**IT IS SO ORDERED**.

Dated: June 27, 2019

_____
SUSAN ILLSTON
United States District Judge